[L. A. No. 19665. In Bank. Feb. 18, 1947.]

ALEXANDER TUCKER, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

[L. A. No. 19672. In Bank. Feb. 18, 1947.]

WILLIAM H. READ, JR., Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Cummins & Cummins, Joseph J. Cummins and Henry G. Bodkin for Petitioners.

Pierce Works and Jerold E. Weil for Respondent.

GIBSON, C. J.—Petitioners seek permission to take the examination given to attorneys from other states who apply for admission to practice here. They hold certificates as attorneys at law and solicitors in chancery and are entitled to

practice before the Supreme Court of New Jersey, but they have not acquired the status of counsellors at law and are not entitled to practice as such in the Court of Errors and Appeals.

The question for decision is whether petitioners "have been admitted to practice before the highest court of a sister state," as required of out-of-state attorneys before being admitted here under the provisions of section 6062 of the Business & Professions Code.

The Court of Errors and Appeals is the court of "last resort in all causes" in the State of New Jersey (Const. of N.J., art. VI, § 1, ¶ 1), and it is therefore the "highest court" in that state.

An applicant for admission to practice law in all the courts of New Jersey must pass two examinations. If he is successful in the first examination, he is admitted as an attorney at law and solicitor in chancery. He is required thereafter to practice at least three years in the Supreme Court and to pass another examination before he acquires the status of a counsellor at law, entitling him to practice in the Court of Errors and Appeals. (Rules of Supreme Court, rule 7, [N.J.S.A., 2:1 to 2:23] (1939) p. 444.) An attorney or solicitor may appear as such of record in cases of writs of error or appeals and service may be made upon him, but only a counsellor at law is permitted to be heard orally for any party litigant at the bar of the Court of Errors and Appeals, and a brief will not be considered in that court unless it is signed by a counsellor at law. (Rules of Court of Errors and Appeals, rules 2 and 3 [N.J.S.A. 2:1 to 2:23] (1939) p. 337.) (See *Appley* v. *Township Committee* (1942), 129 N.J.L. 73 [28 A.2d 177].)

It is therefore clear that an attorney at law and solicitor in chancery has a very limited or restricted right of appearance before the Court of Errors and Appeals, and he is not entitled to "practice" before that court as the term is generally understood. Only a counsellor at law is granted that privilege by the laws of New Jersey, and since petitioners have not acquired that status they have not been "admitted to practice before the highest court" of that state.

The orders to show cause are discharged and the petitions for writs are denied.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.